IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

COALIANZ, LLC,

      Plaintiff,

  v.

JHB INC., INTERNATIONAL,

      Defendant.

JHB INC., INTERNATIONAL,

      Third Party Plaintiff,

  v.

ERIC J. WENDT, GEORGE W. CHEROS, and DOES 1-20,

      Third Party Defendants.

Civil No. 04-1574-HA

ORDER

1 – ORDER

HAGGERTY, Chief Judge:

Plaintiff Coalianz, LLC (Coalianz) filed an Amended Complaint in January 2005, alleging breach of contract, breach of account, and quantum meruit. On January 10, 2005, defendant and third party plaintiff JHB Inc., International (JHB) filed an answer with affirmative defenses and counterclaims against Coalianz, alleging breach of contract, interference with economic relationship, violations of the Oregon Security Act, and common law fraud. JHB also filed a Third Party Complaint against Eric J. Wendt (Wendt), George W. Cheros (Cheros), and members of Coalianz (Does 1-20), alleging common law fraud, securities fraud, and interference with economic relationship.

On March 7, 2005, Coalianz and third party defendants Wendt, Cheros, and Does 1-20 filed a Motion to Dismiss, Make More Definite and Certain, or to Strike (Doc. #20). For the following reasons, this motion is granted in part.

**FACTUAL BACKGROUND**

Coalianz is a consulting business. JHB is in the business of locating and developing commercial shopping centers.

On August 18, 2003, Coalianz and JHB entered into an Engagement Agreement (hereinafter referred to as the Agreement), whereby JHB engaged Coalianz to conduct a strategic evaluation of JHB and act as its consultant to provide financial or other strategic advice. In consideration for the services to be provided, JHB agreed to compensate Coalianz in accordance with the payment terms contained in the Agreement, to wit, JHB was to make payments to Coalianz in the amount of $6,000 per month and Coalianz was to

receive an equity interest of three and one-half percent in each project that JHB developed during the term of the Agreement. JHB also agreed to be liable for all expenses incurred by Coalianz in the provision of the consulting services.

The primary purpose of the Agreement was to obtain financing for a shopping center development project (the Project) for the Kohl's Corporation (Kohl's). According to JHB, Kohl's had verbally committed to being the primary tenant in the project. In June 2004, Coalianz introduced JHB to Michael Zuckerman (Zuckerman), a principal of Whitestone Realty (Whitestone). JHB asserts that Eric Wendt (Wendt), Coalianz's agent, told JHB that Whitestone was able to fund the Project and find other financing resources. Zuckerman introduced JHB to Michael Kest, who represented the Kest Family Trust (Kest). Zuckerman met with Jeffrey Belle (Belle), the president of JHB, and Kest to introduce the Project. Kest expressed interest in providing funding for the project.

On July 15, 2004, Coalianz presented JHB with a new agreement (the New Agreement). JHB asserts that Wendt informed Belle that unless JHB entered into the New Agreement, Coalianz would not allow the Kest financing to be completed. JHB interpreted this as an anticipatory breach of contract, thereby excusing JHB of further performance under the contract. JHB refused to enter into the New Agreement. JHB argues that Coalianz then interfered with JHB's financing arrangement with Kest and Kohl's when Wendt contacted Kest and Kohl's and informed them that the Project would be the subject of litigation. JHB contends that these actions constituted a breach of the contractual obligations not to use confidential information for any purpose without the written consent

of the other party, and amounted to a violation of the implied covenant of good faith and fair dealing.

Coalianz alleges that it performed all its obligations under the Agreement and that JHB breached the Agreement by failing to make the payments and consideration due to it under the terms of the Agreement. Alternatively, Coalianz alleges that JHB's failure to pay is a breach of the account. Also in the alternative, Coalianz asserts that it is entitled to payment based on a theory of quantum meruit, arguing that JHB requested Coalianz's services, never objected to or complained about the performance of the services, and the services were of direct benefit to JHB.

In its First Affirmative Defense, JHB argues that Coalianz breached the contract and tortiously interfered with its economic relationships, and that Coalianz's anticipatory breach excused JHB from further performance. In its Second Affirmative Defense, JHB argues that Coalianz fraudulently induced JHB to enter into the Agreement by representing to JHB that it had existing contacts that would immediately fund the Project, thereby excusing JHB's contractual obligations. In its Third Affirmative Defense, JHB argues that the Agreement is voidable by JHB because it violates the Oregon Securities Act.

In its Third Party Complaint, JHB alleges that Coalianz, by way of Wendt and Does 1-20, interfered with the economic relationship JHB enjoyed with Kohl's and Kest (First Claim for Relief). JHB's Second Claim for Relief alleges that Coalianz violated the Oregon Securities Act. JHB's Third Claim for Relief alleges common law fraud.

## ANALYSIS

Plaintiff Coalianz and third party defendants Wendt, Cheros, and Does 1-20 (hereinafter collectively referred to as plaintiffs for the purpose of this motion) move to dismiss JHB's common law and securities fraud claims because they are not pleaded with sufficient particularity under Fed. R. Civ. P. 9(b) and (f) (Second and Third Claims for Relief).  Plaintiffs also move to dismiss JHB's claim for interference with economic relationship as to Wendt and Cheros, arguing that JHB has failed to plead the elements of the claim (First Claim for Relief).  Finally, plaintiffs move to dismiss the entire Third Party Complaint because it fails to plead subject matter jurisdiction and venue.

Alternatively, plaintiffs move to make the aforementioned claims, JHB's Answer, and Affirmative Defenses more definite and certain under Fed. R. Civ. P. 12(e).  Also in the alternative, plaintiffs move to strike JHB's Affirmative Defenses and certain paragraphs in the Counterclaims and Third Party Complaint that contain redundant, irrelevant, and inflammatory language.

### JHB's Allegations of Common Law and Securities Fraud are Not Pled with Sufficient Particularity

Federal Rule of Civil Procedure 9(b) provides that all allegations of fraud shall contain the circumstances constituting the fraud with particularity.  This means that, to satisfy 9(b)'s requirements, the plaintiff must identify the time, place, and content of the allegedly fraudulent act or statement.  *Vess v. Ciba-Ceigy Corp. USA*, 317 F.3d 1097, 1104 (9th Cir. 2003) (citation omitted).  In securities fraud cases, the plaintiff must further set forth each allegedly false and misleading statement and, if such statement is made on

5 – ORDER

information belief, the plaintiff must state with particularity all facts on which that belief is formed. 15 U.S.C. § 78u-4(b)(1); *see also In re Nike, Inc. Sec. Litig.*, 181 F. Supp. 2d 1160, 1164-65 (D. Or. 2002).

JHB's Second Claim for Relief alleging violations of the Oregon Securities Act states that

> Wendt, Cheros and does 11-20 [sic] are control persons of Coalianz in that each is a partner, limited liability company manager, including a member who is a manager, officer or director of such seller, or a person occupying a similar status or performing similar functions and as such are liable for the violations of the Oregon Securities Act of Coalianz.

JHB's Answer, Affirmative Defenses, Countercls. and Third Party Claims, ¶ 48.

JHB's Third Claim for Relief alleging common law fraud states that "In addition to the conduct of Wendt as alleged above, on information and belief, Cheros and Does 1-10 participated or materially aided in a civil conspiracy to defraud JHB as alleged herein." *Id.* at 51.

These allegations fail to reference the time, place, manner, or content of any of the alleged misrepresentations. They fail to apprise the court or plaintiffs of the nature of the allegedly false statements, when they were made, by whom they were made, or upon what information and belief they were made. In addition, JHB's common law fraud claim fails to aver Wendt's or Cheros' intention that the allegedly false misstatements would be acted on by JHB, that JHB was ignorant of the falsity of the alleged misstatements, or that JHB reasonably relied on the alleged misstatements. *See State ex rel. v. Redden v. Discount Fabrics, Inc.*, 615 P.2d 1034, 1038 (Or. 1980) (citation omitted) (setting forth the elements

6 – ORDER

of common law fraud). Although JHB's Answer, Affirmative Defenses, and Counterclaims lend some guidance as to the general nature of the alleged misrepresentations, the court finds that, as pled in the Third Party Complaint, the allegations fail to meet the requirements of Fed. R. Civ. P. 9(b) in which "*all* averments of fraud" are to be pled with specificity. *Id.* (emphasis added).

**<u>JHB Fails to Allege the Essential Elements of a Claim for Interference with Economic Relationship</u>**

All claims for relief, including third party claims, must contain a concise and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a).

The element of the tort of interference with economic relationship includes: (1) the existence of a professional or business relationship; (2) intentional interference with that relationship; (3) by a third party; (4) accomplished through improper means or for an improper purpose; (5) a causal effect between the interference and the harm to the relationship; and (6) damages. *McGanty v. Staudenraus*, 901 P.2d 841, 844 (Or. 1995).

JHB's First Claim for Relief alleging interference with economic relationship simply re-states the facts alleged in the Second Claim for Relief, with no additional allegations specific to the tort of interference with economic relationship. There are no allegations that Wendt or Cheros acted intentionally, that the alleged interference was accomplished through improper means, or that there was a causal relationship. Again, although the Answer, Affirmative Defenses, and Counterclaims shed some light on the substance of JHB's allegations, as pled, the First Claim for Relief is insufficient to state the tort of interference with economic relationship.

Based on the foregoing, the court finds that under Fed. R. Civ. P. 12(e), JHB's Third Party Complaint is too vague for plaintiffs to adequately respond. Accordingly, the court grants plaintiffs' motion and orders JHB to provide a more definite statement.

**CONCLUSION**

The Motion to Dismiss, Make More Definite and Certain, or to Strike (Doc. #20) is GRANTED in part. JHB is ordered to submit a more definite Third Party Complaint that sets forth each alleged claim and its elements with sufficient particularity, as provided in the Federal Rules of Civil Procedure and this Order. JHB is also ordered to specifically plead subject matter jurisdiction and venue. The Third Party Complaint shall be filed no later than May 20, 2005.

IT IS SO ORDERED.

Dated this __6___ day of May, 2005.

                                                    /s/Ancer L. Haggerty
                                                     ANCER L. HAGGERTY
                                                 United States District Judge